LOTTINGER, Judge.
This suit was filed by petitioner, Phil Trice, on behalf of his son and other members of a class at Louisiana State University to recover parking fines allegedly illegally imposed on the students at the Baton Rouge campus of the university and for in-junctive relief of future enforcement of the university parking regulations. The Lower Court issued a permanent injunction, permanently enjoining and prohibiting the defendant from imposing and/or collecting for violation of any regulation of the university, pertaining to parking of automobiles, in any sum in excess of $1.00 for each violation, and the other demands of petitioner were denied. The defendant has taken this appeal.
The statute attempting to set forth the maximum fine for parking violations on campuses of state owned colleges or universities is R.S. 17:1803, which provides as follows:
“The fine which may be imposed for violation of any parking regulation established by the governing authority of any state supported college or university in this state, including Louisiana State University and Agricultural and Mechanical College, where the violation occurred upon the streets and roadways of such college or university, shall not exceed the sum of one dollar.”
In Student Government Association of Louisiana State University v. The Board of Supervisors of Louisiana State University, 262 La. 849, 264 So.2d 916, the Supreme Court of this state held the above statute to be violative of Article XII, Section VII, of the Louisiana Constitution, which provides:
“The Louisiana State University and Agricultural and Mechanical College shall be under the direction, control, supervision and management of a body corporate to be known as the ‘Board of Supervisors of Louisiana State University and Agricultural and Mechanical College’ * *
In Student Government Association v. The Board of Supervisors (supra) the Court said:
“The power to regulate student parking, and to enforce such reasonable parking regulations by administrative penalties (including fines), is clearly within this grant to the Board of Supervisors of exclusive administrative authority over students in their relationship with the university and in their use of the university campus. The legislative act seeking to limit the Board’s adminis *896 trative regulation of student parking is therefore invalid, since by it the legislature sought to interfere with the Board’s exclusive administrative power over university affairs, granted to it by our constitution.”
The Court went on to reject the demands of the petitioners to declare the university parking regulations invalid insofar as imposing fines exceeding the $1.00 maximum provided by R.S. 17:1803.
In view of the above, we hold that the Lower Court erred in granting the permanent injunction and the judgment of the Lower Court will be amended to deny the injunctions sought by petitioner. The Lower Court was correct, however, in refusing to order the reimbursement of the fines paid.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to dismiss petitioner’s demand for an injunction and, as amended, the decision of the Lower Court will be affirmed, all at the cost of the appellee.
Judgment amended and affirmed.